UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SCOTT GAU, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>HILLSTONE RESTAURANT GROUP, INC.,<br><br>　　　　Defendant. | Case No. 20-cv-08250-SVK<br><br>**ORDER ON MOTIONS AND STIPULATION TO FILE MATERIALS UNDER SEAL**<br><br>Re: Dkt. Nos. 54, 60, 61 |

Before the Court are two administrative motions and a stipulation seeking to file under seal materials associated with Plaintiff's motion for class certification and the opposition to that motion. Dkt. 54, 60, 61; *see also* Dkt. 55.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Whether the "compelling reasons" or "good cause" standard applies on the context of a motion for class certification depends on whether the motion is "effectively dispositive" of the

case. *In re Seagate Tech. LLC*, 326 F.R.D. 223, 246 (N.D. Cal. 2018). The Court need not decide whether the "compelling reasons" or "good cause" standard applies here because the materials for which the Court grants the motion to seal meet either standard. Accordingly, having considered the motions to seal, supporting declarations, and the pleadings on file, the Court **ORDERS** as follows:

**1. Motion to Seal at Dkt. 54**

| Document | Court's Ruling on Motion to Seal | Reasons for Court's Ruling |
|---|---|---|
| Ex. D to Appendix of Evidence in Support of Plaintiff's Motion for Class Certification | **DENIED** without prejudice. If the material sought to be sealed meets the applicable legal standards, Hillstone may file a renewed motion to seal that complies with Civil L.R. 79-5 no later than **April 8, 2022**. In addition to meeting the other requirements of Civil L.R. 79-5, any renewed motion to seal must include for the Court's consideration the redacted and highlighted unredacted versions of Ex. D required Civil L.R. 79-5(e). | • Plaintiff's administrative motion to consider whether another party's motion to be sealed (Dkt. 54) sought sealing of Exhibit D, which are excerpts of testimony and exhibits from the Rule 30(b)(6) deposition of Defendant. However, Plaintiff filed Exhibit D in the public record (*see* Dkt. 53 at Ex. D) not as an attachment to the motion to seal (*see* Dkt. 54-1).<br>• The declaration filed by Hillstone in support of Plaintiff's motion to seal (Dkt. 55) fails to comply with Civil L.R. 79-5(c)(1) and (f)(3) because it does not identify the "portions" of Ex. D Hillstone seeks to seal, does not address the relevant legal standards or reasons for keeping the document under seal, and does not include |

2

| | | |
|---|---|---|
| | | the required proposed order.<br>• Neither party provided the redacted and highlighted unredacted versions of Ex. D, as required in Civil L.R. 79-5(e). |
| Deposition Ex. 19 | **GRANTED** as to entire document | The information sought to be sealed contains confidential and proprietary business information, compensation information, policies, evaluation procedures, and descriptions of business practices.  Disclosure of the information may cause competitive harm to Defendant. |
| Deposition Ex. 28 | **GRANTED** as to entire document | The information sought to be sealed contains confidential and proprietary business information, compensation information, policies, evaluation procedures, and descriptions of business practices.  Disclosure of the information may cause competitive harm to Defendant. |
| Deposition Ex. 32 | **GRANTED** as to entire document | The information sought to be sealed contains confidential and proprietary business information, compensation information, policies, evaluation procedures, and descriptions of business practices.  Disclosure of the information may cause competitive harm to Defendant. |
| Deposition Ex. 33 | **GRANTED** as to entire document | The information sought to be sealed contains confidential and proprietary business information, compensation information, policies, evaluation procedures, and descriptions of business |

| Document | Court's Ruling on Motion to Seal | Reasons for Court's Ruling |
|---|---|---|
| | | practices. Disclosure of the information may cause competitive harm to Defendant. |
| Deposition Ex. 35 | **GRANTED** as to entire document | The information sought to be sealed contains confidential and proprietary business information, compensation information, policies, evaluation procedures, and descriptions of business practices. Disclosure of the information may cause competitive harm to Defendant. |

2. **Motion to Seal at Dkt. 60**

| Document | Court's Ruling on Motion to Seal | Reasons for Court's Ruling |
|---|---|---|
| Exhibit 31 to the John Reynolds Declaration | **GRANTED** as to entire document. | The information sought to be sealed contains confidential and proprietary business information, compensation information, policies, evaluation procedures, and descriptions of business practices. Disclosure of the information may cause competitive harm to Defendant. |
| Exhibit 36 to the John Reynolds Declaration | **GRANTED** as to entire document. | The information sought to be sealed contains confidential and proprietary business information, compensation information, policies, evaluation procedures, and descriptions of business practices. Disclosure of the information may cause competitive harm to Defendant. |

3. **Stipulation re Administrative Motion to Seal at Dkt. 60**

The Parties' stipulation (Dkt. 61) is **DENIED**. To the extent the Court has granted the

administrative motions to seal certain of the documents that are the subject of the stipulation, the stipulation is moot. In addition, the stipulation is not appropriate because the applicable legal standards must be met before material may be filed under seal. *See* Civil L.R. 79-5(c). "Reference to a stipulation or protective order that allows a party to designate certain documents is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

The Parties are directed to follow Civil L.R. 79-5 in connection with any future administrative motions to seal.

**SO ORDERED.**

Dated: March 31, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge