United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SCOTT GAU, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HILLSTONE RESTAURANT GROUP, INC.,<br><br>　　　　Defendant. | Case No.  20-cv-08250-SVK<br><br>**ORDER ON DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 77 |

This case was filed as a putative class action by Plaintiff Edward Scott Gau ("Plaintiff"), a former employee of the Los Altos Grill restaurant in Los Altos, California, which is operated by Defendant Hillstone Restaurant Group, Inc. ("Hillstone"). *See* Ex. B to Dkt. 1 (Complaint) ¶¶ 9-10. In the Complaint, Plaintiff alleged on behalf of a putative class that Hillstone failed to provide employee meal and rest breaks and failed to comply with other requirements under California law. *Id.* ¶¶ 17-26. On March 31, 2022, the Court denied Plaintiff's motion for class certification. Dkt. 67. In addition to Plaintiff's class claims, Plaintiff along with his wife Brandi Foster-Gau ("Co-Plaintiff"; collectively Plaintiff and Co-Plaintiff are "Plaintiffs"), sue under the Private Attorney Generals Act of 2004, California Labor Code §§ 2698 *et seq.* ("PAGA"). Complaint ¶¶ 48-52. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 9, 10.

Now before the Court is Hillstone's motion for partial judgment on the pleadings on Plaintiffs' PAGA claim, which Plaintiffs oppose. Dkt. 77 (Motion); Dkt. 80 (Opp.); Dkt. 81 (Reply). This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons that follow, the Court **GRANTS** judgment on the pleadings on Plaintiffs' PAGA claim.

## I.     BACKGROUND

### A.     This Case

In the time period relevant to this case, Hillstone operated 17 full-service restaurants in California. Dkt. 59-2 ¶ 3. From 2013 to June 2020, Plaintiff Edward Scott Gau worked as a server at Hillstone's Los Altos Grill restaurant, which is located in this District. *See* Dkt. 53 at Ex. A (Gau Decl.) ¶ 2; Ex. B (Gau Depo.) at 30:9-16. Plaintiff Brandi Foster-Gau was employed at Los Altos Grill from 2014 to June 2020. Complaint ¶ 10; Dkt. 53 at Ex. H (Foster-Gau Decl.) ¶ 2.

On September 30, 2020, Plaintiffs filed a class and representative action in Santa Clara County Superior Court for various Labor Code violations and for civil penalties under PAGA. Ex. B to Dkt. 1 (Complaint). Following service of the Complaint, Hillstone filed an Answer on November 18, 2020. Ex. K to Dkt. 1 (Answer). On November 23, 2020, Hillstone removed the case to this Court. Dkt. 1 (Notice of Removal). The Court subsequently denied Plaintiffs' motion to remand. Dkt. 21.

Following discovery relating to class certification, Plaintiff Gau moved to certify a rest period class and a meal period class. Dkt. 52. On March 31, 2022, the Court denied the motion for class certification. Dkt. 67. At a subsequent Case Management Conference, the Court set a deadline of May 31, 2022 for a stipulation or motion to dismiss the PAGA claim. Dkt. 75. On May 31, 2022, Hillstone filed the present motion for partial judgment on the pleadings on Plaintiffs' PAGA claim. Dkt. 77.

### B.     The *Klugh* Case

On March 27, 2020, another former Hillstone employee, Isabella Klugh, sued Hillstone in California state court in a case entitled *Klugh v. Hillstone Restaurant Group, Inc.*, Los Angeles County Superior Court Case No. 20STCF12299. Ex. 2 to Dkt. 78 (Request for Judicial Notice).[1] The plaintiff in *Klugh* sought civil penalties under PAGA on the ground that Hillstone had failed to timely pay all wages owed at the time of her separation from employment with Hillstone. *Id.* ¶¶ 16-30. An April 20, 2022 first amended complaint in the *Klugh* case also sought civil penalties

---

[1] As discussed in Section II, *infra,* the Court takes judicial notice of certain documents concerning the *Klugh* case.

under PAGA for Hillstone's alleged failure to provide: (1) pay for all hours worked, including overtime hours; (2) pay for accrued vacation upon separation; (3) required sick pay; (4) rest breaks; (5) uninterrupted meal and second meal breaks; (6) timely payment of all wages owed; and (7) accurate itemized wage statements and compliance with recordkeeping requirements. Ex. 4 to Dkt. 78 at ¶¶ 16-35. Both Klugh's original complaint and her first amended complaint were preceded by PAGA notice letters to California's Labor and Workforce Development Agency ("LWDA"). Exs. 1 and 3 to Dkt. 78.

On April 6, 2022, the parties in *Klugh* filed a stipulation requesting court approval of the settlement of the action pursuant to PAGA. Ex. 5 to Dkt. 78. On April 20, 2022 the state court entered an order granting approval of the settlement. Ex. 6 to Dkt. 78. The court's order confirmed approval of the settlement as to "the Aggrieved Employees" (*id.* ¶ 2), who were defined in the settlement agreement as "all current and former non-exempt employees of Hillstone who were employed in the State of California at any time during the PAGA Settlement Period," which in turn was defined as the period from January 1, 2019 to the date the court approves the settlement. Ex. 5 to Dkt. 78 PDF pp. 84-85 (Settlement Agreement) at §§ 1.1, 1.15. In the April 20, 2022 order approving the settlement, the court found that "each Aggrieved Employee, in accordance with the Settlement, releases all Released Claims against the Released Parties." Ex. 6 to Dkt 78 at ¶ 6. The "Released Claims" were defined in section 5.1 of the *Klugh* settlement agreement and are discussed in more detail in section IV.A.1., *infra*.

On April 20, 2022, the state court also entered judgment in the *Klugh* case. Ex. 7 to Dkt. 78.

**II.   HILLSTONE'S REQUEST FOR JUDICIAL NOTICE**

In support of the motion for judgment on the pleadings, Hillstone filed a request that the Court take judicial notice of (1) four PAGA notice letters to the Labor and Workforce Development Agency ("LWDA") (Exs. 1, 3, 8, and 9 to Dkt. 78 (Request for Judicial Notice)); and (2) five documents filed in the *Klugh* case (*id.* at Exs. 2, 4, 5, 6, and 7). Plaintiffs do not address or oppose Hillstone's Request for Judicial Notice.

A court may take judicial notice of facts outside of the complaint that can be accurately

3

and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). Exhibits 1, 3, 8, and 9 are records from administrative proceedings that are properly the subject of judicial notice. Courts may take judicial notice of matters of public record, including "records and reports of administrative bodies." *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (citations omitted); *see also Hubbs v. Big Lots Stores, Inc.*, No. LA CV15-01601 JAK (ASx), 2018 WL 5264141, at *2 n.1 (C.D. Cal. Mar. 16, 2018) (taking judicial notice of PAGA claim letters); *Oveida v. Sodexo Ops., LLC,* No. CV-12-1750-GHK (SSx), 2013 WL 3887873, at *2 (C.D. Cal. July 3, 2013) (same).

Exhibits 2, 4, 5, 6, and 7 to Hillstone's Request for Judicial Notice are court records, which are properly the subject of judicial notice. *See Roca v. Wells Fargo Bank,* No. 15-cv-02147-KAW, 2015 WL 5698749, at *4 (N.D. Cal. Sept. 29, 2015).

Accordingly, the Court **GRANTS** Hillstone's unopposed Request for Judicial Notice. In so doing, the Court notices only the existence of the filings in the administrative and state court proceedings does not credit the truth of any fact recounted or matter asserted in the documents. *See Lacayo v. Donahue,* No. 14-cv-04088-JSC, 2015 WL 993448, at *10 (N.D. Cal. Mar. 4, 2015).

### III. LEGAL STANDARD

#### A. PAGA

Hillstone seeks judgment on the pleadings on Plaintiffs' PAGA claim. Dkt. 77. Under PAGA, an aggrieved employee may bring a civil action to recover penalties for violations of the California Labor Code on behalf of the State of California and other aggrieved employees. Cal. Lab. C. § 2698 *et seq.; see also Viking River Cruises, Inc. v. Moriana,* 142 S. Ct. 1906, 1914 (2022) (the California legislature "decided to enlist employees as private attorneys general to enforce California labor law"). "As the text of the statute indicates, PAGA limits statutory standing to 'aggrieved employees'—a term defined to include 'any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed'"— who have exhausted administrative remedies. *Id.* (citing Cal. Lab. C. §§ 2699(a), (c)). "California law characterizes PAGA as creating a type of *qui tam* action," and "[a]s the California courts

4

1    conceive of it, the State is always the real party in interest in the suit." *Id.* at 1914-15 (citing

2    *Ishikanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 382 (2014) (internal quotation

3    marks omitted)). "[B]ecause PAGA actions are understood to involve the assertion of the

4    government's claims on a derivative basis, the judgment issued in a PAGA action is binding on

5    anyone 'who would be bound by a judgment in an action brought by the government.'" *Viking*

6    *River Cruises,* 142 S. Ct. at 1915 (quoting *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009)).

7         Before initiating PAGA litigation, an employee must first "give written notice ... [to] the

8    Labor and Workforce Development Agency ["LWDA"] and ... the employer of the [specific

9    provisions violated], including the facts and theories to support the alleged violation." Cal. Lab.

10   Code § 2699.3(a)(1)(A). The employee may then file a civil action alleging the identified PAGA

11   claim if within 60 days of sending the letter, the employee receives written notice from the LWDA

12   that it will not investigate the alleged violation, or if within 65 days after the letter was sent the

13   LWDA has not responded to the notice. *Id.* § 2699.3(a)(2). In general, "providing notice of one

14   theory of liability [in the PAGA notice letter' does not constitute notice of an alternative

15   theory." *Harris v. Best Buy Stores, L.P.*, No. 17-cv-00446-HSG, 2019 WL 343420, at *4 (N.D.

16   Cal. Jan. 28, 2019) (citations omitted).

17        **B.**    **Motion for Judgment on the Pleadings**

18        Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed — but

19   early enough not to delay trial—a party may move for judgment on the pleadings." A motion for

20   judgment on the pleadings challenges the legal sufficiency of the claims asserted in the complaint.

21   *Kevin Barry Fine Art Assocs. v. Sentinel Ins. Co., Ltd.,* 513 F. Supp. 3d 1163, 1167 (N.D. Cal.

22   2021). "Judgment on the pleadings is proper when the moving party clearly establishes on the

23   face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to

24   judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d

25   1542, 1550 (9th Cir. 1990) (citation omitted). As with a motion to dismiss under Rule 12(b)(6),

26   "[f]or purposes of the motion, the allegations of the non-moving party must be accepted as

27   true . . . " *Id.*

28        "Even though Rule 12(c) does not expressly authorize 'partial judgments,' courts within

1  the Ninth Circuit have recognized application of Rule 12(c) to individual causes of action."
2  *Torres v. Carescope, LLC,* No. 2:15-cv-00198-TLN-CKD, 2020 WL 6939032, at *2 (E.D. Cal.
3  Nov. 25, 2020) (citing cases). Courts have "discretion to grant leave to amend in conjunction with
4  [Rule] 12(c) motions." *Id.* (internal quotation marks and citations omitted).

## IV. DISCUSSION

Hillstone argues that it is entitled to judgment on Plaintiffs' PAGA cause of action because (1) Plaintiffs' claim for PAGA penalties for the period prior to April 20, 2022 is barred by the doctrine of claim preclusion because it was released as part of the settlement of the PAGA claims in *Klugh*; and (2) Plaintiffs lack standing to bring a PAGA claim for the period after April 20, 2022 because they were no longer employed by Hillstone at that time. Dkt. 77 at 4-9. Hillstone also argues that Plaintiffs should not be permitted to amend their complaint to resuscitate the PAGA claim. *Id.* at 9-10. Plaintiffs counter that their PAGA claim is not barred by claim or issue preclusion. Dkt. 80 at 1-6. Plaintiffs also argue that, even if the Court agrees that Plaintiffs lack standing for a PAGA claim arising after the *Klugh* settlement, they should be permitted to find a substitute plaintiff. *Id.* at 6-7.

### A. Claim Preclusion

Hillstone argues that Plaintiffs' PAGA claim in this case is precluded by the settlement and judgment in *Klugh*. Dkt. 77 at 4-8. Claim preclusion bars re-litigation of any claims that were raised or could have been raised in an earlier action. *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1992) (citations omitted). Application of the claim preclusion doctrine "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Mpoyo v. Litton Electro-Optical Sys.*, 420 F.3d 985, 988-89 (9th Cir. 2005) (citations omitted). The claim preclusive effect of a state court judgment is determined under state law. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012). "Under California law, claim preclusion applies if a second suit involves (1) the same cause of action (2) between the same parties or their privies (3) after a final judgment on the merits in the first suit." *Magana v. Zara USA, Inc.*, 856 Fed. Appx. 83, 85 (9th Cir. 2021) (citing *Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73, 91 (2020) (internal

6

quotation marks omitted); *see also DKN Holdings, LLC v. Faerber*, 61 Cal. 4th 813, 823 (2015).

### 1. Same cause of action

Hillstone's motion for partial judgment on the pleadings is based on claim preclusion, not issue preclusion, and as discussed in the section IV.B., *infra*, the parameters and requirements of the doctrines are different. In their argument that claim preclusion does not apply here, Plaintiffs do not directly dispute that *Klugh* involves the same cause of action as this case. *See* Dkt. 80 at 2. However, in their discussion of issue preclusion Plaintiffs argue that the issues in the two cases are different. *Id.* at 3-4. Accordingly, the Court has considered whether the *Klugh* case involved the same cause of action as this case for purposes of claim preclusion. "In determining what constitutes the same cause of action, California applies the primary rights theory, under which the invasion of one primary right gives rise to a single cause of action." *White*, 671 F.3d at 927 (citing *Slater v. Blackwood,* 15 Cal. 3d 791, 795 (1975) (internal quotation marks omitted)).

"[T]he resolution of the primary-rights question ultimately boils down to a question of framing" the rights at issue in the two cases. *Magana,* 856 Fed. Appx. at 86.

> If we conceptualize the relevant primary rights too narrowly, we risk opening the door to endless successive Labor Code lawsuits against the same employer, which would undermine the goals of the claim preclusion doctrine. But if we conceptualize the relevant primary rights too broadly, we risk barring claims that really have nothing to do with prior actions and deserve to be litigated on their own.

*Id.* The Ninth Circuit has held that the right answer "lies somewhere in the middle," and thus "it makes sense to at least draw a distinction between wage-related claims and non-wage claims for purposes of the primary rights analysis." *Id.* Thus, for example, the Ninth Circuit has held that an employee's claim for unpaid wages and overtime pay did not to involve the same primary right as an employee's claim that he or she was entitled to seating at work. *Id.* at 86-87.

Plaintiffs' PAGA claim in this case alleges that Hillstone violated Labor Code §§ 201-204, 226(a), 226.7, and 512 "by routinely failing to (i) authorize and permit off-duty rest periods and pay premium pay for missed rest periods, (ii) provide off-duty meal periods and pay all premium pay for missed meal periods and all wages for on-duty hours worked, (iii) timely pay all due wages or timely pay all due wages upon separation of employment[,] and (iv) provide accurate

itemized wage statements." Complaint ¶ 50. Plaintiffs seek penalties under PAGA for such violations "committed since April 6, 2019." *Id.* ¶ 49. This claim is based on the same primary right as the first amended complaint in the *Klugh* action, which sought civil penalties under PAGA for Hillstone's alleged failure to provide required rest breaks and meal breaks, pay for all hours worked, pay all due wages upon separation of employment, and provide accurate itemized wage statements and comply with recordkeeping requirements. Ex. 4 to Dkt. 78 at ¶¶ 16-35.

Application of claim preclusion to prevent Plaintiffs from relitigating their PAGA claim in this case is further supported by the scope of the release in *Klugh*, which encompassed "all Aggrieved Employees' claims for penalties, attorney's fees, costs or interest under PAGA that were alleged, or which could have been alleged based on the factual allegations in the Action, including the amended Complaint, and/or PAGA letters in the Action, including all claims and potential claims for penalties recoverable under PAGA, including all claims for unpaid wages, including failure to pay minimum wages, straight time compensation and overtime compensation; the incorrect calculation of the regular rate of pay; failure to incorporate the attire allowance and/or bonuses into the regular rate of pay; failure to keep accurate time records; failure to provide and maintain accurate itemized wage statements; failure to keep accurate employee payroll records; failure to timely pay wages during and/or at separate of employment; failure to identify all required items on wage statements; meal periods and/or meal period premiums; rest periods and/or rest period premiums; failure to provide personnel records and payroll records; failure to pay accrued vacation, failure to pay sick leave, and including without limitation any and all potential claims for penalties recoverable under PAGA predicated on" a number of Labor Code sections, including sections 201-204, 226, 226.7, and 512 "and any duplicative or similar provisions arising under the Wage Orders of the California Industrial Welfare Commission and any other PAGA penalty claims whatsoever alleged in the Action, including in the amended Complaint and amended PAGA letter, whether known or unknown, from and including January 17, 2019 up to and including the date the Court approves the Settlement." Ex. 5 to Dkt. 78 at PDF 86-87 (*Klugh* Settlement Agreement §5.1). "Aggrieved Employees" are defined in the *Klugh* settlement agreement as "all current and former non-exempt employees of Hillstone who were

8

1    employed in the State of California at any time during the PAGA Settlement Period," *i.e.*, from

2    January 1, 2019 to the date that the *Klugh* court approved the settlement, which occurred on April

3    20, 2020. *Id.* at PDF pp. 84-85 (*Klugh* Settlement Agreement §§ 1.1, 1.15; *see also* Ex. 6 to Dkt.

4    78 (order approving *Klugh* settlement). Plaintiffs, who were employed by Hillstone in California

5    from 2013 or 2014 until they were terminated in June 2020, fall within the definition of

6    "Aggrieved Employees" whose claims were released in the *Klugh* settlement agreement. *See*

7    Complaint ¶ 10.

8          Plaintiffs argue that the plaintiff in *Klugh* was not entitled to pursue claims for the matters

9    identified in her December 15, 2021 amended PAGA notice because that notice was untimely.

10   Dkt. 80 at 5-6. However, the issue in analyzing whether claim preclusion applies is whether the

11   same cause of action was or could have been asserted in the earlier case, not whether the other

12   court reached the correct conclusion on that cause of action. *See Orion Tire Corp. v. Goodyear*

13   *Tire & Rubber Co.*, 268 F.3d 1133, 1136 (9th Cir. 2001) (stating that claim preclusion "is founded

14   on the principle that '[a] judgment merely voidable because based upon an erroneous view of the

15   law is not open to collateral attack, but can be corrected *only by a direct review* and not by

16   bringing another action upon the same cause'" (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452

17   U.S. 394, 398 (1981) (emphasis in original))).

18         Accordingly, the first requirement for claim preclusion is satisfied because *Klugh* and this

19   case involve the same claim.

20         **2.   Same parties or their privies**

21         Hillstone argues that the requirement that the earlier *Klugh* case involve the same parties as

22   this case is satisfied because the PAGA claims in both cases are brought on behalf of the State of

23   California. Dkt. 77 at 7. Plaintiffs argue that the "same parties" requirement is not met because

24   they were not parties in the *Klugh* action. Dkt. 80 at 2; *see also id.* ("Plaintiffs and the *Klugh*

25   plaintiff are not the same party"). Plaintiffs acknowledge that "[o]f course, the State of California

26   may be a real party interest in multiple PAGA suits" but argue that the "same parties" requirement

27   is not met where only the real party in interest is the same. *Id.* at 2 and n.1.

28         Plaintiffs' argument that claim preclusion does not apply because the nominal plaintiffs in

United States District Court
Northern District of California

this case and the *Klugh* case are different misunderstands the scope of the claim preclusion doctrine, which operates to bar successive litigation not only where the parties in the two cases are identical but also where they are in privity with each other. *See Grande v. Eisenhower Med. Ctr.*, 2022 WL 2349762, at *4-5 (Cal. 2022). Specifically, this argument misses the main issue involved in the present motion: whether resolution of the claim of one nominal plaintiff precludes a successive claim by a different nominal plaintiff on behalf of the same real party in interest (here, the LWDA). Contrary to Plaintiffs' assertion that the nominal plaintiffs, not just the real parties in interest, must be the same for claim preclusion to apply, courts have held that claim preclusion bars successive suits on the same claim brought by the same real party in interest. *See, e.g., Champion Labs., Inc. v. Parker-Hannifin Corp.*, No. 1:10-CV-02371-OWW-DLB, 2011 WL 1883832, at *6 (E.D. Cal. May 17, 2011) (holding successive qui tam suit for false marking barred by earlier qui tam action, finding that "the government is the real party in interest in a qui tam suit and its interest was represented in the [earlier] litigation" (citing cases)).

       Consistent with these principles, the doctrine of claim preclusion applies to Plaintiffs' successive PAGA claim. *See Arias*, 46 Cal.4th at 986 ("with respect to the recovery of civil penalties, nonparty employees as well as the government are bound by the judgment in an action brought under [PAGA]"); *Moniz v. Adecco USA, Inc.*, 72 Cal. App. 5th 56, 82 (Cal. Ct. App. 2021) ("the doctrine of res judicata applies to PAGA judgments'); *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 808 n.11 (N.D. Cal. 2015) (stating that resolution of a PAGA claim "is binding on the state enforcement agency, and therefore can serve to prevent other employees from filing a separate PAGA claim to enforce the agency's interest"); *and see, e.g., Robinson v. Southern Counties,* 53 Cal. App. 5th 476, 482–83 (Cal. Ct. App. 2020) (holding that claim preclusion prevented second PAGA representative action).

### 3. Final judgment on the merits

In *Klugh*, the state court approved the settlement and entered judgment. Exs. 6 and 7 to Dkt. 78. Plaintiffs do not, and cannot, dispute that the state court judgment satisfies the requirement under the claim preclusion doctrine for a final judgment on the merits. "Claim preclusion in federal court can be based on a state court settlement." *Howard v. America Online*

1  *Inc.*, 208 F.3d 741, 748 (9th Cir. 2000). Moreover, "[u]nder California law, a final judgment on
2  the merits will preclude further litigation on the same cause of action" and "[a] judicially approved
3  settlement agreement is considered a final judgment on the merits." *Id*. Accordingly, the Court
4  concludes this requirement is satisfied.

### 4. Public interest considerations

In their discussion of issue (not claim) preclusion, Plaintiffs argue that even if the requirements of issue preclusion were met, that doctrine should not be applied for policy reasons. Dkt. 80 at 4-6. Plaintiffs argue, in essence, that it would be unfair or contrary to public policy to give preclusive effect to the settlement in *Klugh* because the December 16, 2021 PAGA notice by the plaintiff in that case was untimely. *Id.* at 5-6. Plaintiffs also assert that "[n]or is there any reason to believe that the State's interests were adequately litigated" given that the case settled. *Id.* at 6. In sum, according to Plaintiffs, "[t]he settlement of claims for a longer period than permissible under the law, and with a party who had no authority to settle, suggests only that Defendant sought to evade California's purposes in penalizing California employers for Labor Code violations." *Id.*

Again, as discussed in section IV.B., *infra*, issue preclusion is not the same as claim preclusion. Nevertheless, some cases have held that even if the threshold requirements for claim preclusion are satisfied, the doctrine will not be applied "if injustice would result or if the public interest requires that relitigation not be foreclosed." *Abad v. General Nutrition Centers, Inc.*, No. SACV 09-00190-JVS (RNBx), 2013 WL 4038617, at *5 (Mar. 7, 2013) (citing cases). Even accepting Plaintiffs' contention that Klugh's claims for the violations set forth in her December 16, 2021 LWDA notice were undermined by the manner in which they were added to the case (a contention that Hillstone disputes), Plaintiffs' policy argument is based on an incorrect premise. "Taken together, PAGA's statutory scheme and the principles of preclusion allow, or 'authorize,' a PAGA plaintiff to bind the state to a judgment through litigation that could extinguish PAGA claims that were not specifically listed in the PAGA notice where those claims involve the same primary right listed," and "[b]ecause a PAGA plaintiff is authorized to settle a PAGA representative action with court approval (§ 2699, (l)(2)), it logically follows that he or she is

11

1    authorized to bind the state to a settlement releasing claims commensurate with those that would
2    be barred by res judicata in a subsequent suit had the settling suit been litigated to judgment by the
3    state." *Moniz*, 72 Cal. App. 5th at 83 (rejecting argument that release was not invalid because it
4    purported to include PAGA claims not listed in PAGA notice).  Moreover, "[n]othing in the
5    statute prohibits [a plaintiff] from releasing PAGA claims outside the limitations period of her
6    own claim" and "[n]or is this practice contrary to PAGA's purposes."  *Amaro v. Anaheim Arena*
7    *Mgmt., LLC*, 69 Cal. App. 5th 521, 541 (Cal. Ct. App. 2021).

8    Plaintiffs have offered no sound policy reasons why the court-approved settlement in
9    *Klugh* should not be given the claim preclusive effect to which it is entitled.  Accordingly, the
10   Court concludes that Plaintiffs' PAGA claim in this case is barred under the doctrine of claim
11   preclusion.

### B.     Issue Preclusion

As discussed above, Hillstone's motion is based on *claim* preclusion, but Plaintiffs spend much of their opposition addressing the doctrine of *issue* preclusion.  *See* Dkt. 80 at 2-6.  Claim preclusion provides that "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit," whereas issue preclusion "bars successive litigation of an issue of fact actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."  *White*, 671 F.3d at 926 (citations omitted); *see also DKN Holdings,* 61 Cal. 4th at 824.  As a result, except to the extent discussed above, Plaintiffs' arguments about issue preclusion do not address and are not relevant to the claim preclusion doctrine upon which Defendants' motion is based, which is a different doctrine with different requirements.

### C.     Standing

Hillstone argues that if the *Klugh* settlement is entitled to preclusive effect as to claimed Labor Code violations for the time period covered by the settlement and judgment in that case (*i.e.,* January 1, 2019 to April 20, 2022), Plaintiffs' PAGA claim must be dismissed because their employment with Hillstone ended in June 2020 and therefore they do not have standing to sue for Labor Code violations occurring after April 20, 2022.  Dkt. 77 at 8-9.  Plaintiffs do not directly

12

1  dispute that they do not have standing to sue for post-termination violations.  *See* Dkt. 80 at 6-7.

2  Under PAGA, a plaintiff is allowed pursue violations that affect other employees as long
3  as the plaintiff was affected by at least one violation alleged in complaint.  *See* Cal. Labor Code
4  §§ 2699 (a), (c); *Kim*, 9 Cal. 5th at 85 ("Employees who were subjected to at least one unlawful
5  practice have standing to serve as PAGA representatives even if they did not personally
6  experience each and every alleged violation").  However, a plaintiff does not have standing to
7  pursue PAGA penalties if he did not suffer an injury as a result of the challenged conduct.
8  *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 678 (9th Cir. 2021).  Where, as in this case, a
9  plaintiff's PAGA claim for the period during which he was employed by the defendant is
10 precluded, he does not have standing to assert "claims arising exclusively after he was so
11 employed."  *Robinson*, 53 Cal. App. 5th at 484.

12 Here, for the reasons discussed above, Plaintiffs' PAGA claim for the period through April
13 20, 2022 is precluded.  As in *Robinson,* Plaintiffs do not have standing to sue under PAGA for
14 violations occurring after April 20, 2022 because they were no longer employed by Hillstone at
15 that time.

16 Plaintiffs argue that the Court should permit them to locate a substitute plaintiff and amend
17 the Complaint.  Dkt. 80 at 6-7.  Hillstone opposes Plaintiffs' request, arguing that amending the
18 complaint at this stage in the case would be "against principles of fundamental fairness and
19 judicial economy" and is potentially infeasible, given that any new plaintiff would have to exhaust
20 his or her administrative remedies, would be bound by the *Klugh* settlement for claims that predate
21 April 20, 2022, and could not be subject to an arbitration agreement with Hillstone.  Dkt. 81 at 12-
22 13.

23 Rule 15(a)(2) provides that leave to amend should be freely given "when justice so
24 requires."  Leave to amend the pleadings should be granted unless the opposing party makes a
25 showing such as undue delay, bad faith or dilatory motive on the part of the movant, undue
26 prejudice to the opposing party if amendment is allowed, or futility of amendment.  *Foman v.*
27 *Davis*, 371 U.S. 178, 182 (1962); *see also Sonoma County Ass'n of Retired Employees v. Sonoma*
28 *County*, 708 F.3d 1109, 1117 (9th Cir. 2013).  However, once a scheduling order is issued and

1   there is a deadline for amending the pleadings, no post-deadline amendment of pleadings is
2   permitted unless the court first modifies the scheduling order to permit the amendment, which
3   requires a showing of good cause.  *See* Fed. R. Civ. Proc. 16(b)(4); *Johnson v. Mammoth*
4   *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

"Prejudice is the touchstone under the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotation marks and citations omitted).  The Court finds that allowing a substitution of plaintiffs at this stage of this case would be substantially prejudicial to Hillstone.  *See Solomon v. N. Amer. Life & Cas Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (motion to amend on the eve of discovery deadline properly denied because it would have required reopening discovery, thus delaying proceedings).  The case has been pending for over 1.5 years, the deadline to amend the pleadings expired almost a year ago, substantial discovery (including the depositions of Plaintiffs) has already taken place, and Plaintiffs offer no specifics as to how or when they will be able to locate a substitute plaintiff or keep the case on its current schedule  *See* Dkt. 26, 75.  Fact discovery closes in four months, which will not allow for a substitute plaintiff to be identified, exhaust administrative remedies, and engage in plaintiff-specific discovery.  Moreover, substitution at this stage would prejudice Hillstone in that the Court's denial of the motion for class certification, which took significant Court time and resources, rested, in part, on Plaintiff Edward Gau's inadequacy as a class representative, upon which Defendant has presumably relied in litigating this case.

Accordingly, the Court denies Plaintiffs' request for leave to amend the Complaint to substitute a new plaintiff.

**V.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Hillstone's motion for judgment on the pleadings on Plaintiffs' PAGA claim.

**SO ORDERED.**

Dated: July 20, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

14